IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00008-001 & -002 |
| Plaintiff, | |
| vs. | **ORDER** |
| SONG JA CHA and IN HAN CHA, | re Government's Motion to Require the Defendants to Supply Handwriting Exemplars |
| Defendants. | |

The United States filed a motion requesting the court to order the Defendants[1] to submit to exemplar testing and to furnish exemplars of their handwriting to agents of the Federal Bureau of Investigation ("FBI"). See Docket No. 52. Mrs. Cha opposed the motion on the basis that the United States' failed to state the grounds on which the motion was based. See Docket No. 62. Mrs. Cha asserted that the motion was without justification because the United States failed to identify the handwriting with which the exemplars would be compared, nor did it explain the exemplars' relevance. Id. Mr. Cha thereafter joined in Mrs. Cha's response to the motion. See Docket No. 65.

Subsequently, the United States filed a response to the objections. See Docket No. 64. Therein, the United States stated that the exemplars to be provided by the Defendants would be used for comparison purposes with handwriting which appears on items the Government provided to the Defendants as part of discovery. These items include business records,

---

[1] The Defendants are husband and wife. They will collectively be referred to as the "Defendants," but individually as either Mr. Cha or Mrs. Cha.

notebooks, ledgers, checks, etc., which the United States asserts is relevant to prove the essential elements of the offenses charged.

The court finds that the Defendants' handwriting exemplars are potentially relevant, based on the United States' proffer. The court also recognizes that the Defendants have no Fourth or Fifth Amendment interest which would prohibit forced disclosure of their handwriting exemplars. See United States v. Mara, 410 U.S. 19, 21 (1973) ("Handwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in the physical characteristics of a person's script that there is in the tone of his voice."); United States v. Dionisio, 410 U.S. 1, 5-7 (1976) (holding that voice and handwriting exemplars are identifying physical characteristics outside the protection of the Fifth Amendment).

The court is unaware of how the United States obtained the business records, notebooks, ledgers, etc. with which it will compare the Defendants' handwriting exemplars. Presumably these items were obtained during the execution of the search warrant issued in this case. In light of this court's recent Report and Recommendation that recommended suppression of all evidence obtained during the search warrant execution,[2] the court hereby orders as follows:

- If the United States has evidence which it obtained independent of the search warrant against which it will compare the Defendants' handwriting exemplars, then the Defendants are ordered to submit to exemplar testing and furnish exemplars of their handwriting to agents of the FBI. The parties are directed to meet and confer as to a mutually agreeable time and date when this can occur.

///
///
///
///
///
///

---

[2] This Report and Recommendation is still under review by the Chief Judge.

- If, however, the only evidence which the United States has for comparison purposes was obtained as a direct result of the search of the Blue House Lounge and the Defendants' home pursuant to the search warrant, then the court denies the United States' motion to compel the Defendants to provide handwriting exemplars. This ruling notwithstanding, if the Chief Judge ultimately denies the motions to suppress, then the Defendants are ordered to submit to exemplar testing and furnish exemplars of their handwriting to agents of the FBI.

IT IS SO ORDERED.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: Feb 23, 2009**